**Keith D. Karnes**, Oregon State Bar ID # 033521
keith@keithkarnes.com
**Rebecca E. Russell**, Oregon State Bar ID # 115114
rr@rrussellaw.com
Karnes Law Offices
1860 Hawthorne Ave NE Ste 10
Salem, OR   97301
Telephone (503) 385-8888
Fax (503) 385-8899

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **WENDY FERRIN**, **THOMAS FERRIN**, and **TYLER FERRIN**,<br><br>                    Plaintiffs,<br><br>        v.<br><br>**LAW OFFICES G. REYNOLDS SIMS AND ASSOCIATES, P.C.**; and **CACH, LLC**,<br><br>                    Defendants. | Case No._____<br><br>COMPLAINT<br><br>Fair Debt Collection Practices Act<br>(15 U.S.C. § 1332)<br><br>DEMAND FOR JURY TRIAL |

JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs

COMPLAINT-1

reside here.

## PARTIES

4. Plaintiff Wendy Ferrin (hereinafter "Wendy") is a natural person who resides in the City of Salem and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff, Thomas Ferrin (hereinafter "Thomas"), is a natural person, married to but separated from Wendy, and does not owe the debt that gave rise to this lawsuit.

6. Plaintiff, Tyler Ferrin (hereinafter "Tyler"), is a natural person, son of Wendy and Thomas, and does not owe the debt that gave rise to this lawsuit.

7. CACH, LLC (hereinafter "Cach") is not licensed to conduct business in the state of Oregon and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Law Offices G. Reynolds Sims and Associates, P.C. (hereinafter "Sims") is not licensed to practice law in the state of Oregon, is not licensed to conduct business in the state of Oregon, is not licensed to collect debts in the state of Oregon, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Wendy borrowed money from Capital One Bank for personal and family use.

10. Wendy defaulted on her obligations to Capital One Bank.

11. Defendant CACH purchased the account from Capital One Bank when the debt was alleged to be in default.

12. CACH employed Sims to collect from Wendy.

13. Defendant Sims mailed a letter dated October 02, 2012 to Wendy on law firm letterhead and signed with the law firm name stating that the law firm had been retained to collect the debt.

COMPLAINT-2

14. Sims called Tyler in January 2013 and left a message looking for Wendy Ferrin. Tyler returned Sims' phone call and gave them Wendy's and Thomas's cell phone numbers. Tyler asked Sims not to call him again.

15. Sims called Thomas at his place of employment. Thomas gave Sims Wendy's phone number.

16. Sims called Tyler from the same phone number four more times in the following few months.

17. Sims called Thomas's personal cell phone.

18. Sims finally called Wendy only after repeatedly calling Tyler and Thomas.

19. Wendy informed Sims that she was represented by counsel and that all communications should be directed to her attorney.

20. Despite being notified that Wendy was represented by an attorney, Sims repeatedly contacted Wendy in an attempt to collect the debt it alleged she owed.

21. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered actual damages in the form of emotional distress, anger, anxiety, worry, frustration, among other negative emotions.

### TRIAL BY JURY

22. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

### PLAINTIFF WENDY FERRIN'S CLAIMS FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692i(a)(2).

25. As a result of Defendants violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

### PLAINTIFF THOMAS FERRIN'S CLAIMS FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692c(a)(3), 1692d, 1692d(5).

28. As a result of Defendants violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT III.

## PLAINTIFF TYLER FERRIN'S CLAIMS FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq*.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(a)(2), 1692c(b), 1692d, 1692d(5).

21. As a result of Defendants violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

## COUNT I.

## PLAINTIFF WENDY FERRIN'S CLAIMS FOR VIOLATIONS OF THE FAIR DEBT

COMPLAINT-5

COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant;

for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant;

for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant.

COUNT II.

PLAINTIFF THOMAS FERRIN'S CLAIMS FOR VIOLATIONS OF THE FAIR DEBT

COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant;

for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant;

for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant.

COUNT III.

PLAINTIFF TYLER FERRIN'S CLAIMS FOR VIOLATIONS OF THE FAIR DEBT

COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each

COMPLAINT-6

Defendant;

      for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant;

      for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant.

      DATED: April 24, 2013

                                                  /s/ Keith D. Karnes  
                                                  Keith D. Karnes  
                                                  OSB # 03352  
                                                  503-362-9393  
                                                  Attorney for Plaintiffs